DISTRICT COURT CLI
10/13/2016 5:05:46
STEPHEN T. PACHE
Jessica Ga

STATE OF NEW MEXICO
COUNTY OF SANTA FE
IN THE FIRST JUDICIAL DISTRICT COURT

ELIZABETH INGE,

        Plaintiff,

vs.

COVENANT HEALTH SYSTEM, a
Foreign non-profit corporation doing
Business in the State of New Mexico
As Covenant Family Health Care
Center,

        Defendant               No.   D-101-CV-2016-02411

                                 Case assigned to Mathew, Francis J.

## CIVIL COMPLAINT FOR NEGLIGENCE, NEGLIGENT HIRING, UNFAIR PRACTICES; BREACH OF FIDUCIARY DUTY; AND PUNITIVE DAMAGES

COMES NOW, Plaintiff Elizabeth Inge, by and through her undersigned

attorney Eric D. Dixon, Attorney and Counselor at Law, P.A., Portales, New

Mexico, and for her Civil Complaint for Negligence, Negligent Hiring, Unfair

Practices and Punitive damages states:

### I.    COMMON FACTS

1.    Plaintiff Elizabeth Inge is a resident of Clovis, New Mexico and at all times

material to this complaint was a resident of the State of New Mexico.

1



EXHIBIT

A

2.     Defendant Covenant Health System is a Foreign Non-profit Corporation doing business within the State of New Mexico with its principal place of business within the State of New Mexico at 123 East Marcy, Santa Fe, New Mexico, 87501. Defendant may be served by its Registered Agent for service of process within the State of New Mexico, to wit: C.T Corporation System, 123 East Marcy Suite 201, Santa Fe, New Mexico, 87501. Defendant does business in the State of New Mexico as "Covenant Family Healthcare Center.

3.     At all times material to this complaint David Jones was a Nurse Practitioner licensed to practice in the State of New Mexico and employed by Defendant at its office in Clovis, New Mexico as a Nurse Practitioner. Jones was permitted to prescribe Schedule II through V prescription controlled substances including oxycodone a powerful opiate narcotic.

4.     At all times material to this law-suit David Jones was an employee of Defendant within the scope of his employment.

5.     Defendant claims in advertisements, including on its web site that "We work to nurture a culture of safety and expect to rank at the top of our class in providing exceptional patient experience and successful treatment." In addition, Defendant claims that "[w]e believe that every interaction-whether it involves Covenant staff, our patients or their families-is a sacred encounter."

2

6.     Defendant hired David Jones to practice as a Nurse Practitioner at its Clovis, New Mexico facility in approximately February, 2014. David Jones was employed by Defendant until February 19th, 2015 when he was arrested by the Drug Enforcement Agency (D.E.A.), for dispensing and distributing oxycodone, a Schedule II prescription controlled substance outside the scope of his professional practice and without legitimate medical purpose. A copy of the Criminal Complaint is attached and incorporated herein as Exhibit 1.

7.     Defendant knew or should have known that David Jones was a long time drug addict who had lost his license to practice and prescribe medications at least once because of his drug addiction. He was known to prey on and take advantage of patients, especially patients with a known history of addiction in order to obtain narcotics for his own use. It was well known amongst health care providers in the area that David Jones had a severe, chronic and acute problem with addiction from drinking cough syrup with codine to use of oxycodone. He was found one time completely unclothed in front of the narcotics dispensary at a local hospital. Defendant knew or should have known that David Jones was unfit to provide health care services to anyone and especially those vulnerable to manipulation or under any circumstances but hired him (despite there being other more qualified applicants).

3

8.      While an employee of Defendant, David Jones contacted the Plaintiff via a

text message and other manner asking that he be allowed to prescribe narcotics

to Plaintiff in return for Plaintiff "sharing" the narcotics with Jones.

9.      During the time that David Jones was employed by Defendant he

improperly diagnosed Plaintiff with fibromyalgia and then wrote prescriptions in

.15, .20 and .30 strength of oxycodone for Plaintiff amounting to approximately

360 oxycodone pills every 8 days and over a thousand pills per month despite the

fact that there was no medical reason for Plaintiff to be prescribed such a large

amount of narcotics. Over a nine month period he prescribed Plaintiff over nine

thousand pills. In addition, he engaged in the same improper behavior with other

patients by prescribing narcotics despite the fact that there was no medical

reason to prescribe such narcotics and then sharing the narcotics with the

patients.

10.     As a result of Jones' reckless and grossly negligent prescription writing to

Plaintiff she became addicted to the oxycodone and finally suffered an over dose

in approximately January, 2015 and was admitted to Dan Trigg Hospital in

Tucumcari, New Mexico. At the same time Plaintiff's child was placed in foster

care as a direct and proximate result of the negligence of Defendant.

4

11.     Defendant improperly billed Plaintiff's health insurance company for the prescriptions despite the fact that it knew or should have known that these prescriptions and treatments were bogus.

12.     Defendant failed to over-see David Jones despite his known drug abuse because he was a high volume producer for Defendant and made Defendant enormous amounts of income which was then paid to executive officers in the Company in the form of bonuses and other compensation.

## II.     COUNT I-NEGLIGENCE

13.     The allegations contained above and below are incorporated herein by reference as if set forth in full herein.

14.     Defendant was under a duty at all times to use ordinary care to avoid and/or prevent what a reasonably prudent person would foresee as an unreasonable risk of harm to another.

15.     Defendant breached its duty owing to Plaintiff.

16.     Plaintiff was harmed as a result of Defendant's negligence.

17.     Defendant's actions were in wanton disregard of the rights of Plaintiff and Plaintiff should be awarded punitive damages to punish the Defendant and to deter other similarly situated Defendant's from engaging in the same actions in the future.

5

## III. COUNT II-NEGLIGENT HIRING, SUPERVISION AND RETAINING OF DAVID JONES

18.   The allegations contained above and below are incorporated herein by reference as if set forth in full herein.

19.   Defendant at all times material to this law-suit was the employer of David Jones.

20.   Defendant knew or should have known that hiring, retaining, and supervising David Jones would create an unreasonable risk of injury to a group or class that includes the Plaintiff.

21.   Defendant failed to use ordinary care in the hiring, retaining, supervising David Jones.

22.   Defendant's negligence in hiring, retaining, and/or supervising David Jones was a cause of Plaintiff's injuries.

## IV.     COUNT III-UNFAIR PRACTICES

COMES NOW, Plaintiff and for Count III, states pursuant to the New Mexico Unfair Trade Practices Act § 57-12-1 NMSA 1978:

23.   The allegations contained above and below are incorporated herein by reference as if set forth in full herein.

6

24.    The Defendant made oral and written statements that were false and/or misleading, among other misleading representations.

25.    These misrepresentations were made regarding goods and services in the regular course of Defendant's trade and commerce.

26.    These misrepresentations tended to, and/or did deceive or mislead Plaintiff.

27.    Plaintiff is entitled to punitive damages under the Unfair Practices Act.

28.    Plaintiff is entitled to Attorney's Fees under the Unfair Practices Act.

## V.    **COUNT IV-BREACH OF FIDUCIARY DUTIES**

29.    The allegations contained above and below are incorporated herein.

30.    The Defendant entered into a fiduciary relationship of trust and was bound to act in good faith and with due regard for the interest of the Plaintiff as an agent, and health care provider.

31.    Defendant had a duty of loyalty, good faith, candor, to refrain from self-dealing; to act with integrity of the strictest kind, to act honestly and fairly in its dealings with Plaintiff.

32.    Defendant breached its fiduciary duties to Plaintiff.

33.    Plaintiff has been damaged by Defendant's breach of fiduciary duties to her.

7

34. Plaintiff should be awarded punitive damages against Defendant for his willful, wanton, reckless and intentional actions in breaching his fiduciary duties owing Plaintiff.

## VI. REQUESTED RELIEF

35. Plaintiff asks for the following relief, to wit:

A. Actual damages incurred including pain and suffering; lost income and earnings capacity; medical expenses incurred in the past and present; loss of enjoyment of life;

B. Attorney's fees as allowed by law;

C. Costs incurred herein;

D. Pre-judgment and post-judgment interest as allowed by law;

E. Punitive damages as allowed by law;

F. Such other and further relief as the Court may deem appropriate.

Respectfully Submitted:

/s/ Eric D. Dixon

Eric D. Dixon
Attorney and Counselor at Law, P.A.
301 South Avenue A,
Portales, New Mexico, 88130
(575) 359-1233
Facsimile: (575) 356-4946

8

AO 91 (Rev. 11/11)  Criminal Complaint

**FILED**

UNITED STATES DISTRICT COURT
W MEXICO

## UNITED STATES DISTRICT COURT

for the

District of New Mexico

MAR - 4 2015

ktt

MATTHEW J. DYKMAN
CLERK

United States of America )
v. )
)  Case No.
David L. Jones )
) $15 \, mj \, 470$
)
)
)

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___ February 18 & 20, 2015 ___ in the county of ___ Curry ___ in the

District of ___ New Mexico ___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1) & 841(b)(1)(C) | dispense and distribute oxycodone, a Schedule II prescription controlled substance, outside the scope of his professional practice and without legitimate medical purpose |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Gregory Nienow, DEA Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: March 4, 2015

_____
*Judge's signature*

City and state: ___ Albuquerque, New Mexico ___

Karen B. Molzen Chief U.S. Magistrate Judge
*Printed name and title*

**PLAINTIFF'S EXHIBIT**
1

## AFFIDAVIT OF SPECIAL AGENT GEGORY NIENOW:

I, Gregory Nienow, Special Agent, Drug Enforcement Administration, United States Department of Justice, being duly sworn, do depose and hereby state the following:

1. I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18 U.S.C § 2510(7), in that I am an officer of the United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in Title 18 U.S.C. § 2516. I have been employed by the Drug Enforcement Administration ("DEA") since March 2012. I am empowered to investigate, to make arrests with or without a warrant and to execute search warrants under the authority of Title 21 U.S.C. § 878.

2. As a DEA Special Agent, I received seventeen weeks of training at the DEA Academy in Quantico, Virginia. This training included in part: identification of various types of controlled substances by sight and odor; the way in which controlled substances are packaged, marketed, and consumed; drug testing; informant handling; evidence handling; search and seizure law; law involving conspiracy; and surveillance and investigative techniques. Prior to my employment with the DEA, I was a police officer/detective for approximately six years in Richmond, Virginia. Over the course of my law enforcement career, I have conducted a variety of investigations into violations ranging from simple possession of narcotics to complex conspiracies. I am currently assigned to the Tactical Diversion Squad ("TDS") of the Albuquerque District Office ("ADO").

3. TDS investigations involve the diversion of legitimately made controlled substances from their lawful purpose into illicit drug traffic. Oxycodone, a Schedule II controlled substance, is an example of one of the legitimately made controlled substances and is the primary illicitly trafficked prescription controlled substance in this investigation. When abused, the effects of oxycodone can mimic those of heroin and provide the abuser with a temporary euphoric feeling. In order for Schedule II – V controlled substances to be illicitly distributed they must be diverted from the "closed" system. Congress created a closed system which states that a Schedule II – V controlled substance or listed chemical may only be manufactured, dispensed or distributed by an individual or entity registered with DEA, unless exempted from registration. The closed system is broken when the controlled substance is diverted at some point during this process as previously discussed. As discussed in further detail below this investigation involves a Nurse Practitioner ("NP") who was prescribing oxycodone outside the scope of his professional practice and without legitimate medical purpose. The passing of those oxycodone prescriptions breaks the closed system and is the equivalent of illicitly dispensing and distributing oxycodone.

4. This affidavit is made in support of the issuance of a Criminal Complaint charging David L. JONES ("JONES") with violation of Title 21 U.S.C. Sections 841(a)(1) and 841(b)1 (C), dispensed and distributed oxycodone, a Schedule II prescription controlled substance, outside the scope of his professional practice and without legitimate medical

purpose.

5. The facts and conclusions set forth in this Affidavit are based on: my personal participation in this investigation; information provided by Special Agents, Diversion Investigators, Task Force Agents, and Police Officers/Sheriffs Deputies (collectively referred to as the "Agents") from various federal, state, and local law enforcement agencies; and my experience, training, and background as a law enforcement officer. This Affidavit is submitted for the limited purpose of establishing probable cause to believe: that JONES dispensed and distributed oxycodone, a Schedule II prescription controlled substance in violation of Title 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(C). Because this Affidavit is written for the limited purpose of setting forth probable cause for the requested criminal complaint, I have not included every fact known to me through this investigation. I have set forth only those facts I deem necessary to establish probable cause of the above listed offense.

6. In October 2014, DEA Agents from the ADO received information alleging JONES, a NP, was illegally prescribing prescription controlled substances. Agents opened a case to investigate the allegations. Queries of DEA databases confirmed that JONES, at that time, was a licensed mid-level practitioner, specifically a NP employed by Covenant Family Heathcare Center in Clovis, New Mexico. The databases also indicated that JONES maintained: state license number CNP00736, state controlled substances number CS00208039 and DEA registration number MJ0838182. According to the databases JONES was permitted to practice medicine as a NP and to prescribe Schedule II –V prescription controlled substances, to include narcotics, within the scope of his professional practice and with a medical purpose in the state of New Mexico.

7. In November 2014, Agents interviewed a source of information ("SOI") regarding JONES. The SOI stated that the SOI was a former patient of JONES and had received many prescriptions for narcotics, to include oxycodone, from JONES. The SOI admitted to being addicted to oxycodone at the time the SOI was being seen by JONES. The SOI also admitted to abusing the oxycodone that the SOI obtained from prescriptions written by JONES. The SOI stated JONES knew of the SOI's oxycodone addiction and continued to write the SOI prescriptions for oxycodone. The SOI stated the SOI would provide JONES with oxycodone pills the SOI obtained from the prescriptions JONES wrote for the SOI. The SOI also stated the SOI believes JONES wrote the oxycodone prescriptions in the hopes that the SOI would continue to provide JONES with oxycodone. Through queries of databases available to law enforcement, Agents independently verified the SOI's claims that the SOI was receiving prescriptions from JONES for oxycodone.

8. In February 2015, Agents received information from Curry County Sheriff's Deputy James Lara regarding JONES. Deputy Lara stated that he spoke with two confidential sources (CS1 and CS2) who were willing to provide incriminating information against JONES and could facilitate the delivery of illegal oxycodone prescriptions from JONES.

9. On February 18, 2015, Agents utilized the two CS's to coordinate the controlled pick up of three oxycodone prescriptions from JONES. In text messages, JONES and CS1 arranged the specifics of the prescriptions and the details of their delivery. Under the guidance and observation of agents, CS1 followed the text message instructions from JONES and retrieved the three prescriptions. JONES left the three prescriptions outside, under a covered parking area and concealed within a food tin. The covered parking area was located at 2000 West 21st Clovis, NM, JONES's place of employment, and the food tin was located in front of JONES's 2003 Toyota Camry which was bearing NM license plate MZK 642. According to NM MVD files JONES is the owner of the 2003 Toyota Camry.

10. Two of the seized prescriptions were written to CS1 and one was written to CS2. All three prescriptions were written for oxycodone. In all the prescriptions totaled ninety 30mg oxycodone and three hundred 20mg oxycodone. Agents maintained custody and control of the three prescriptions until February 19, 2015, when Agents and the two CS's filled two of the three prescriptions at a pharmacy. Agents took and maintained custody of the two prescription bottles and the oxycodone they contained. The third prescription was never filled and left with the pharmacy.

11. On February 20, 2015, under the guidance and observation of Agents, CS1 sent JONES text messages asking JONES for an additional oxycodone prescription. Again, the text messages discussed the specifics of the prescription and coordinated the meet date and time at their usual meet place. However, this time the meet would be in person because JONES was to receive a portion of the oxycodone CS1 and CS2 obtained from the three prescriptions JONES wrote them on February 18, 2015.

12. Under the guidance of Agents, CS1 met JONES at the agreed upon time and place. Agents provided CS1 with the same food tin JONES had left the oxycodone prescriptions in on February 18, 2015. Inside the food tin Agents placed a portion of the oxycodone Agents obtained from the pharmacy on February 19, 2015. JONES arrived at the meet in his 2003 Toyota Camry, the same one that the food tin containing the three oxycodone prescriptions was placed in front of on February 18, 2015. The meet was brief and conducted in JONES's vehicle in a parking lot. CS1 provided JONES with the food tin containing the oxycodone and JONES provided CS1 with a new prescription written for one hundred and twenty 30mg oxycodone as discussed on the text messages.

13. Immediately following the meet JONES departed the parking lot. Agents stopped JONES a short distance down the road. JONES was detained and a New Mexico state search warrant was obtained to search JONES' 2003 Toyota Camry. Under the front driver's seat Agents recovered the food tin and all of the oxycodone that CS1 had provided JONES during their meet. JONES was transported to the Curry County Sheriff's Office in Clovis, New Mexico. Agents also recovered the new oxycodone prescription from CS1.

14. In post Miranda warning statements JONES stated to Agents that he should not have written CS2 the oxycodone prescription and that he was overprescribing CS1 in the hopes

that he would receive some of CS1's oxycodone in return.

15. Based on the foregoing, I believe that probable cause exists that David L. JONES, on the dates of February 18th 2015 and February 20th 2015, did unlawfully and knowingly dispense and distribute oxycodone, a Schedule II prescription controlled substance, outside the scope of his professional practice and without legitimate medical purpose in violation of Title 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(C).

16. I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

This Affidavit was reviewed and approved by Assistant United States Attorney Joel Meyers.

Subscribed to and sworn before me this 4th day of March 2015 in Albuquerque, New Mexico.

Gregory Nienow
Special Agent
Drug Enforcement Administration

Karen B. Molzen
Chief United States Magistrate Judge

DISTRICT COURT CLE
10/13/2016 5:05:46
STEPHEN T. PACHE
Jessica Ga

STATE OF NEW MEXICO
COUNTY OF SANTA FE
IN THE FIRST JUDICIAL DISTRICT COURT

ELIZABETH INGE,

       Plaintiff,

vs.

COVENANT HEALTH SYSTEM, a
Foreign non-profit corporation doing
Business in the State of New Mexico as
Covenant Family Health Care Center,
       Defendant        No.   D-101-CV-2016-02411

## JURY DEMAND

COMES NOW, Plaintiff, by and through her undersigned attorney Eric D.

Dixon, Attorney and Counselor at Law, P.A., pursuant to Rule 1-038 NMRA and

hereby demands a jury of six (6) persons decide all factual disputes and claims

raised in the Complaint.

                        Respectfully Submitted:

                        /s/ Eric D. Dixon

                        Eric D. Dixon
                        Attorney and Counselor at Law, P.A.
                        301 South Avenue A,
                        Portales, New Mexico, 88130
                        (575) 359-1233
                        Facsimile: (575) 356-4946

DISTRICT COURT CLI
10/21/2016 10:44:55
STEPHEN T. PACHE
Jessica Ga

STATE OF NEW MEXICO
COUNTY OF SANTA FE
IN THE FIRST JUDICIAL DISTRICT COURT

ELIZABETH INGE, individually, and
JOHNNY INGE, individually,
              Plaintiff,

vs.

COVENANT HEALTH SYSTEM, a
Foreign non-profit corporation doing
Business in the State of New Mexico
As Covenant Family Health Care
Center,

          Defendant           No. D-101-CV-2016-02411

## FIRST AMENDED CIVIL COMPLAINT FOR NEGLIGENCE, NEGLIGENT HIRING, UNFAIR PRACTICES; BREACH OF FIDUCIARY DUTY; AND PUNITIVE DAMAGES

COMES NOW, Plaintiff Elizabeth Inge, and Johnny Inge by and through their

undersigned attorney Eric D. Dixon, Attorney and Counselor at Law, P.A., Portales,

New Mexico, and for their Civil Complaint for Negligence, Negligent Hiring, Unfair

Practices and Punitive damages states:

### I.    COMMON FACTS

1.    Plaintiff Elizabeth Inge is a resident of Clovis, New Mexico and at all times

material to this complaint was a resident of the State of New Mexico.

2.     Plaintiff Johnny Inge was a resident of the State of New Mexico at all times
material to this complaint.

3.     Defendant Covenant Health System is a Foreign Non-profit Corporation
doing business within the State of New Mexico with its principal place of business
within the State of New Mexico at 123 East Marcy, Santa Fe, New Mexico, 87501.
Defendant may be served by its Registered Agent for service of process within the
State of New Mexico, to wit: C.T Corporation System, 123 East Marcy Suite 201,
Santa Fe, New Mexico, 87501. Defendant does business in the State of New
Mexico as "Covenant Family Healthcare Center.

4.     At all times material to this complaint David Jones was a Nurse Practitioner
licensed to practice in the State of New Mexico and employed by Defendant at its
office in Clovis, New Mexico as a Nurse Practitioner. Jones was permitted to
prescribe Schedule II through V prescription controlled substances including
oxycodone a powerful opiate narcotic.

5.     At all times material to this law-suit David Jones was an employee of
Defendant within the scope of his employment.

6.     Defendant claims in advertisements, including on its web site that "We
work to nurture a culture of safety and expect to rank at the top of our class in
providing exceptional patient experience and successful treatment." In addition,

2

Defendant claims that "[w]e believe that every interaction-whether it involves Covenant staff, our patients or their families-is a sacred encounter."

7. Defendant hired David Jones to practice as a Nurse Practitioner at its Clovis, New Mexico facility in approximately February, 2014. David Jones was employed by Defendant until February 19th, 2015 when he was arrested by the Drug Enforcement Agency (D.E.A.), for dispensing and distributing oxycodone, a Schedule II prescription controlled substance outside the scope of his professional practice and without legitimate medical purpose. A copy of the Criminal Complaint is attached and incorporated herein as Exhibit 1.

8. Defendant knew or should have known that David Jones was a long time drug addict who had lost his license to practice and prescribe medications at least once because of his drug addiction. He was known to prey on and take advantage of patients, especially patients with a known history of addiction in order to obtain narcotics for his own use. It was well known amongst health care provider; in the area that David Jones had a severe, chronic and acute problem with addiction from drinking cough syrup with codeine to use of oxycodone. He was found one time completely unclothed in front of the narcotics dispensary at a local hospital. Defendant knew or should have known that David Jones was unfit to provide health care services to anyone and especially those vulnerable to

3

manipulation or under any circumstances but hired him (despite there being other more qualified applicants).

9.   While an employee of Defendant, David Jones contacted the Plaintiff(s) via a text message and other manner asking that he be allowed to prescribe narcotics to Plaintiff(s) in return for Plaintiff "sharing" the narcotics with Jones.

10.   During the time that David Jones was employed by Defendant he improperly diagnosed Plaintiff Elizabeth Inge with fibromyalgia and then wrote prescriptions in .15, .20 and .30 strength of oxycodone for Plaintiff Elizabeth Inge amounting to approximately 360 oxycodone pills every 8 days and over a thousand pills per month despite the fact that there was no medical reason for Plaintiff Elizabeth Inge to be prescribed such a large amount of narcotics.

11.   There was no medical reason to prescribe Plaintiff Johnny Inge such large amounts of narcotics.

12.   Over a nine month period he prescribed Plaintiff(s) over nine thousand pills.

13. David Jones while an employee of Defendant engaged in the same improper behavior with other patients by prescribing narcotics despite the fact that there was no medical reason to prescribe such narcotics and then sharing the narcotics with the patients.

4

13.    As a result of Jones' reckless and grossly negligent prescription writing to

Plaintiff(s) they became addicted to the oxycodone.

14.    Plaintiff Elizabeth Inge finally suffered an over dose in approximately

January, 2015 and was admitted to Dan Trigg Hospital in Tucumcari, New Mexico.

At the same time Plaintiff Elizabeth Inge's child was placed in foster care as a

direct and proximate result of the negligence of Defendant.

15.    Defendant improperly billed Plaintiffs health insurance company for the

office visits despite the fact that it knew or should have known that these office

and treatments were bogus.

16.    Defendant failed to over-see David Jones despite his known drug abuse

because he was a high volume producer for Defendant and made Defendant

enormous amounts of income which was then paid to executive officers in the

Company in the form of bonuses and other compensation. David Jones had

previously been employed at Plains Reginal Medical Center in Clovis, New Mexicc,

but was terminated for stealing narcotics and using them. In addition, his

narcotics licensure had either been suspended or terminated for prescription of

narcotics shortly before he went to work for Defendant. Finally, David Jones had

previously had his license suspended. Placing David Jones is a position of trust

recklessly endangered the Plaintiffs and the general public.

5

## II.    COUNT I-NEGLIGENCE

17.    The allegations contained above and below are incorporated herein by reference as if set forth in full herein.

18.    Defendant was under a duty at all times to use ordinary care to avoid and/or prevent what a reasonably prudent person would foresee as an unreasonable risk of harm to another.

19.    Defendant breached its duty owing to Plaintiffs.

20.    Plaintiffs were harmed as a result of Defendant's negligence.

21.    Defendant's actions were in wanton disregard of the rights of Plaintiffs and Plaintiffs should be awarded punitive damages to punish the Defendant and to deter other similarly situated Defendant's from engaging in the same actions in the future.

## III.    COUNT II-NEGLIGENT HIRING, SUPERVISION AND RETAINING OF DAVID JONES

22.    The allegations contained above and below are incorporated herein by reference as if set forth in full herein.

23.    Defendant at all times material to this law-suit was the employer of David Jones.

6

24.    Defendant knew or should have known that hiring, retaining, and

supervising David Jones would create an unreasonable risk of injury to a group or

class that includes the Plaintiffs.

25.    Defendant failed to use ordinary care in the hiring, retaining, supervising

David Jones.

26.    Defendant's negligence in hiring, retaining, and/or supervising David Jones

was a cause of Plaintiff's injuries.

## IV.    COUNT III-UNFAIR PRACTICES

COMES NOW, Plaintiff and for Count III, states pursuant to the New Mexico Unfair

Trade Practices Act § 57-12-1 NMSA 1978:

27.    The allegations contained above and below are incorporated herein by

reference as if set forth in full herein.

28.    Defendant engaged in unfair, deceptive and unconscionable trade practices

in the conduct of its business during the times Plaintiffs were patients.

29.    The Defendant made oral and written statements that were false and/or

misleading, among other misleading representations set forth above.

30.    These misrepresentations were made regarding goods and services in the

regular course of Defendant's trade and commerce.

7

31.     These misrepresentations tended to, and/or did deceive or mislead

Plaintiffs.

32.     Defendant engaged in unconscionable trade practices by engaging in act(s)

and/or practice(s) in connection with its offering services at its facilities by its

employee David Jones  (a licensed professional) which:

   i. Took advantage of the lack of knowledge, ability, experience and capacity

      of the Plaintiffs to a grossly unfair degree.

33.     Plaintiffs are entitled to punitive damages under the Unfair Practices Act.

34.     Plaintiffs are entitled to Attorney's Fees and costs under the Unfair

Practices Act.

## V.     COUNT IV-BREACH OF FIDUCIARY DUTIES

35.     The allegations contained above and below are incorporated herein.

36.     The Defendant entered into a fiduciary relationship of trust and was bound

to act in good faith and with due regard for the interest of the Plaintiffs as an

agent, and health care provider.

37.     Defendant had a duty of loyalty, good faith, candor, to refrain from self-

dealing; to act with integrity of the strictest kind, to act honestly and fairly in its

dealings with Plaintiffs.

38.     Defendant breached its fiduciary duties to Plaintiffs.

8

39.     Plaintiffs have been damaged by Defendant's breach of fiduciary duties to each of them.

40.     Plaintiffs should be awarded punitive damages against Defendant for his willful, wanton, reckless and intentional actions in breaching his fiduciary duties owing Plaintiff.

## VI.     REQUESTED RELIEF

41.     Plaintiffs asks for the following relief, to wit:

   A. Actual damages incurred including pain and suffering; lost income and earnings capacity; medical expenses incurred in the past and present; loss of enjoyment of life;

   B. Attorney's fees as allowed by law;

   C. Costs incurred herein;

   D. Pre-judgment and post-judgment interest as allowed by law;

   E. Punitive damages as allowed by law;

   F. Such other and further relief as the Court may deem appropriate.

Respectfully Submitted:

/s/ Eric D. Dixon

Eric D. Dixon
Attorney and Counselor at Law, P.A.
301 South Avenue A,
Portales, New Mexico, 88130
(575) 359-1233
Facsimile: (575) 356-4946

10

AO 91 (Rev. 11/11) Criminal Complaint

**FILED**

UNITED STATES DISTRICT COURT
ALBUQ. . . . W MEXICO

## UNITED STATES DISTRICT COURT

for the

District of New Mexico

MAR - 4 2015

k+t

MATTHEW J. DYKMAN
CLERK

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| David L. Jones | ) | $15 mj 670$ |
| | ) | |
| | ) | |
| | ) | |

_Defendant(s)_

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ February 18 & 20, 2015 _____ in the county of _____ Curry _____ in the

District of _____ New Mexico _____ , the defendant(s) violated:

| _Code Section_ | _Offense Description_ |
|---|---|
| 21 U.S.C. 841(a)(1) & 841(b)(1)(C) | dispense and distribute oxycodone, a Schedule II prescription controlled substance, outside the scope of his professional practice and without legitimate medical purpose |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

_Complainant's signature_

Gregory Nienow, DEA Special Agent
_Printed name and title_

Sworn to before me and signed in my presence.

Date: March 4, 2015

_Judge's signature_

City and state: _____ Albuquerque, New Mexico _____

Karen B. Molzen Chief U.S. Magistrate Judge
_Printed name and title_

PLAINTIFF'S
EXHIBIT
1

## AFFIDAVIT OF SPECIAL AGENT GEGORY NIENOW:

I, Gregory Nienow, Special Agent, Drug Enforcement Administration, United States Department of Justice, being duly sworn, do depose and hereby state the following:

1. I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18 U.S.C § 2510(7), in that I am an officer of the United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in Title 18 U.S.C. § 2516. I have been employed by the Drug Enforcement Administration ("DEA") since March 2012. I am empowered to investigate, to make arrests with or without a warrant and to execute search warrants under the authority of Title 21 U.S.C. § 878.

2. As a DEA Special Agent, I received seventeen weeks of training at the DEA Academy in Quantico, Virginia. This training included in part: identification of various types of controlled substances by sight and odor; the way in which controlled substances are packaged, marketed, and consumed; drug testing; informant handling; evidence handling; search and seizure law; law involving conspiracy; and surveillance and investigative techniques. Prior to my employment with the DEA, I was a police officer/detective for approximately six years in Richmond, Virginia. Over the course of my law enforcement career, I have conducted a variety of investigations into violations ranging from simple possession of narcotics to complex conspiracies. I am currently assigned to the Tactical Diversion Squad ("TDS") of the Albuquerque District Office ("ADO").

3. TDS investigations involve the diversion of legitimately made controlled substances from their lawful purpose into illicit drug traffic. Oxycodone, a Schedule II controlled substance, is an example of one of the legitimately made controlled substances and is the primary illicitly trafficked prescription controlled substance in this investigation. When abused, the effects of oxycodone can mimic those of heroin and provide the abuser with a temporary euphoric feeling. In order for Schedule II – V controlled substances to be illicitly distributed they must be diverted from the "closed" system. Congress created a closed system which states that a Schedule II – V controlled substance or listed chemical may only be manufactured, dispensed or distributed by an individual or entity registered with DEA, unless exempted from registration. The closed system is broken when the controlled substance is diverted at some point during this process as previously discussed. As discussed in further detail below this investigation involves a Nurse Practitioner ("NP") who was prescribing oxycodone outside the scope of his professional practice and without legitimate medical purpose. The passing of those oxycodone prescriptions breaks the closed system and is the equivalent of illicitly dispensing and distributing oxycodone.

4. This affidavit is made in support of the issuance of a Criminal Complaint charging David L. JONES ("JONES") with violation of Title 21 U.S.C. Sections 841(a)(1) and 841(b)1 (C), dispensed and distributed oxycodone, a Schedule II prescription controlled substance, outside the scope of his professional practice and without legitimate medical

purpose.

5. The facts and conclusions set forth in this Affidavit are based on: my personal participation in this investigation; information provided by Special Agents, Diversion Investigators, Task Force Agents, and Police Officers/Sheriffs Deputies (collectively referred to as the "Agents") from various federal, state, and local law enforcement agencies; and my experience, training, and background as a law enforcement officer. This Affidavit is submitted for the limited purpose of establishing probable cause to believe: that JONES dispensed and distributed oxycodone, a Schedule II prescription controlled substance in violation of Title 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(C). Because this Affidavit is written for the limited purpose of setting forth probable cause for the requested criminal complaint, I have not included every fact known to me through this investigation. I have set forth only those facts I deem necessary to establish probable cause of the above listed offense.

6. In October 2014, DEA Agents from the ADO received information alleging JONES, a NP, was illegally prescribing prescription controlled substances. Agents opened a case to investigate the allegations. Queries of DEA databases confirmed that JONES, at that time, was a licensed mid-level practitioner, specifically a NP employed by Covenant Family Heathcare Center in Clovis, New Mexico. The databases also indicated that JONES maintained: state license number CNP00736, state controlled substances number CS00208039 and DEA registration number MJ0838182. According to the databases JONES was permitted to practice medicine as a NP and to prescribe Schedule II –V prescription controlled substances, to include narcotics, within the scope of his professional practice and with a medical purpose in the state of New Mexico.

7. In November 2014, Agents interviewed a source of information ("SOI") regarding JONES. The SOI stated that the SOI was a former patient of JONES and had received many prescriptions for narcotics, to include oxycodone, from JONES. The SOI admitted to being addicted to oxycodone at the time the SOI was being seen by JONES. The SOI also admitted to abusing the oxycodone that the SOI obtained from prescriptions written by JONES. The SOI stated JONES knew of the SOI's oxycodone addiction and continued to write the SOI prescriptions for oxycodone. The SOI stated the SOI would provide JONES with oxycodone pills the SOI obtained from the prescriptions JONES wrote for the SOI. The SOI also stated the SOI believes JONES wrote the oxycodone prescriptions in the hopes that the SOI would continue to provide JONES with oxycodone. Through queries of databases available to law enforcement, Agents independently verified the SOI's claims that the SOI was receiving prescriptions from JONES for oxycodone.

8. In February 2015, Agents received information from Curry County Sheriff's Deputy James Lara regarding JONES. Deputy Lara stated that he spoke with two confidential sources (CS1 and CS2) who were willing to provide incriminating information against JONES and could facilitate the delivery of illegal oxycodone prescriptions from JONES.

9. On February 18, 2015, Agents utilized the two CS's to coordinate the controlled pick up of three oxycodone prescriptions from JONES. In text messages, JONES and CS1 arranged the specifics of the prescriptions and the details of their delivery. Under the guidance and observation of agents, CS1 followed the text message instructions from JONES and retrieved the three prescriptions. JONES left the three prescriptions outside, under a covered parking area and concealed within a food tin. The covered parking area was located at 2000 West 21st Clovis, NM, JONES's place of employment, and the food tin was located in front of JONES's 2003 Toyota Camry which was bearing NM license plate MZK 642. According to NM MVD files JONES is the owner of the 2003 Toyota Camry.

10. Two of the seized prescriptions were written to CS1 and one was written to CS2. All three prescriptions were written for oxycodone. In all the prescriptions totaled ninety 30mg oxycodone and three hundred 20mg oxycodone. Agents maintained custody and control of the three prescriptions until February 19, 2015, when Agents and the two CS's filled two of the three prescriptions at a pharmacy. Agents took and maintained custody of the two prescription bottles and the oxycodone they contained. The third prescription was never filled and left with the pharmacy.

11. On February 20, 2015, under the guidance and observation of Agents, CS1 sent JONES text messages asking JONES for an additional oxycodone prescription. Again, the text messages discussed the specifics of the prescription and coordinated the meet date and time at their usual meet place. However, this time the meet would be in person because JONES was to receive a portion of the oxycodone CS1 and CS2 obtained from the three prescriptions JONES wrote them on February 18, 2015.

12. Under the guidance of Agents, CS1 met JONES at the agreed upon time and place. Agents provided CS1 with the same food tin JONES had left the oxycodone prescriptions in on February 18, 2015. Inside the food tin Agents placed a portion of the oxycodone Agents obtained from the pharmacy on February 19, 2015. JONES arrived at the meet in his 2003 Toyota Camry, the same one that the food tin containing the three oxycodone prescriptions was placed in front of on February 18, 2015. The meet was brief and conducted in JONES's vehicle in a parking lot. CS1 provided JONES with the food tin containing the oxycodone and JONES provided CS1 with a new prescription written for one hundred and twenty 30mg oxycodone as discussed on the text messages.

13. Immediately following the meet JONES departed the parking lot. Agents stopped JONES a short distance down the road. JONES was detained and a New Mexico state search warrant was obtained to search JONES' 2003 Toyota Camry. Under the front driver's seat Agents recovered the food tin and all of the oxycodone that CS1 had provided JONES during their meet. JONES was transported to the Curry County Sheriff's Office in Clovis, New Mexico. Agents also recovered the new oxycodone prescription from CS1.

14. In post Miranda warning statements JONES stated to Agents that he should not have written CS2 the oxycodone prescription and that he was overprescribing CS1 in the hopes

that he would receive some of CS1's oxycodone in return.

15. Based on the foregoing, I believe that probable cause exists that David L. JONES, on the dates of February 18th 2015 and February 20th 2015, did unlawfully and knowingly dispense and distribute oxycodone, a Schedule II prescription controlled substance, outside the scope of his professional practice and without legitimate medical purpose in violation of Title 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(C).

16. I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

This Affidavit was reviewed and approved by Assistant United States Attorney Joel Meyers.

Subscribed to and sworn before me this 4th day of March 2015 in Albuquerque, New Mexico.

Gregory Nienow
Special Agent
Drug Enforcement Administration

Karen B. Molzen
Chief United States Magistrate Judge

DISTRICT COURT CLE
10/21/2016 10:44:55
STEPHEN T. PACHE
Jessica Ga

STATE OF NEW MEXICO
COUNTY OF SANTA FE
IN THE FIRST JUDICIAL DISTRICT COURT

ELIZABETH INGE, individually, and
JOHNNY INGE, individually,
                Plaintiff,

vs.

COVENANT HEALTH SYSTEM, a
Foreign non-profit corporation doing
Business in the State of New Mexico
As Covenant Family Health Care
Center,

            Defendant                  No. D-101-CV-2016-02411

## **JURY DEMAND**

      COMES NOW, Plaintiffs, by and through their undersigned attorney, Eric D.

Dixon, Attorney and Counselor at Law, P.A., pursuant to Rule 1-038 NMRA and

hereby demands a jury of six (6) persons decide all factual disputes and claims

raised in the Complaint.

                                       Respectfully Submitted:

                                       /s/ Eric D. Dixon

                                       _____

                                       Eric D. Dixon
                                       Attorney and Counselor at Law, P.A.
                                       301 South Avenue A,
                                       Portales, New Mexico, 88130
                                       (575) 359-1233
                                       Facsimile: (575) 356-4946

DISTRICT COURT CLE
10/21/2016 10:44:55
STEPHEN T. PACHE
Jessica Ga

**4-206. Summons.**

[For use with District Court Civil Rule 1-004 NMRA]

<table>
<tr><td colspan="2" align="center"><strong>SUMMONS</strong></td></tr>
<tr>
<td>District Court: <u>First</u><br>
<u>Santa Fe</u> County, New Mexico<br>
Court Address: <u>P. O. Box 2268</u><br>
<u>225 Montezuma, Ave.</u><br>
<u>Santa Fe, New Mexico 87504-87501</u><br>
Court Telephone Number: <u>505-455-8250</u></td>
<td>Case Number: <u>D-101-CV-2016-02411</u><br><br><br>
Judge: <u>Francis J. Mathew</u></td>
</tr>
<tr>
<td>Plaintiff(s): Elizabeth Inge, individually,<br>
and Johnny Inge, individually<br>
v.<br>
Defendant(s): Covenant Health System, a<br>
Foreign non-profit corporation doing<br>
business in the State of New Mexico as<br>
Covenant Family Health Care Center.</td>
<td>Defendant<br>
Name: Covenant Health System<br>
Address: c/o C.T. Corporation System<br>
123 East Marcy, Suite 201,<br>
Santa Fe, New Mexico 87501</td>
</tr>
</table>

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

    1.    A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

    2.    You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

    3.    You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

    4.    If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

    5.    You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

    6.    If you need an interpreter, you must ask for one in writing.

    7.    You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

    Dated at  <u>Santa Fe</u>  , New Mexico, this <u>21st</u> day of <u>October</u>, <u>2016</u> .

Stephen T. Pacheco<br>
CLERK OF COURT

By: _____
    Deputy

Attorney for Plaintiff or
Plaintiff pro se
Name: Eric D. Dixon, Attorney & Counselor
at Law, P.A.
Address: 301 South Avenue A.,
Portales, New Mexico 88130
Telephone No.: (575) 359-1233
Fax No.: (575) 356-4946
Email Address: _____
dixonlawoffice@qwestoffice.net

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

### RETURN[1]

STATE OF NEW MEXICO    )
                       )ss
COUNTY OF _____     )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to
this lawsuit, and that I served this summons in _____ county on the _____ day of
_____, _____, by delivering a copy of this summons, with a copy of complaint
attached, in the following manner:

### (*check one box and fill in appropriate blanks*)

[ ]    to the defendant _____ (*used when defendant accepts a copy of
summons and complaint or refuses to accept the summons and complaint*)

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used
when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by
mail or commercial courier service, by delivering a copy of this summons, with a copy of
complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at
the usual place of abode of defendant _____, (*used when the defendant is not
presently at place of abode*) and by mailing by first class mail to the defendant at
_____ (*insert defendant's last known mailing address*) a copy of the summons
and complaint.

[ ]    to _____, the person apparently in charge at the actual place of
business or employment of the defendant and by mailing by first class mail to the defendant at
_____ (*insert defendant's business address*) and by mailing the summons
and complaint by first class mail to the defendant at _____ (*insert defendant's
last known mailing address*).

[ ]    to _____, an agent authorized to receive service of process for
defendant _____.

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad
litem] of defendant _____ (*used when defendant is a minor or an
incompetent person*).

[ ]    to _____ (*name of person*), _____,
(*title of person authorized to receive service. Use this alternative when the defendant is a
corporation or an association subject to a suit under a common name, a land grant board of
trustees, the State of New Mexico or any political subdivision*).

Fees:    _____


_____
Signature of person making service


_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____.[2]


_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

### USE NOTE

1.    Unless otherwise ordered by the court, this return is not to be filed with the court
prior to service of the summons and complaint on the defendant.
2.    If service is made by the sheriff or a deputy sheriff of a New Mexico county, the
signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective
March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme
Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013;

as amended by Supreme Court Order No. 13-8300-022, effective for all cases pending or filed on or after December 31, 2013; as amended by Supreme Court Order No. 14-8300-017, effective for all cases pending or filed on or after December 31, 2014.]

**4-206. Summons.**

[For use with District Court Civil Rule 1-004 NMRA]

|  | **SUMMONS** Return |
|---|---|
| District Court: First<br>Santa Fe County, New Mexico<br>Court Address: P. O. Box 2268<br>225 Montezuma, Ave.<br>Santa Fe, New Mexico 87504-87501<br>Court Telephone Number: 505-455-8250 | Case Number: D-101-CV-2016-02411<br><br>Judge: Francis J. Mathew |
| Plaintiff(s): Elizabeth Inge, individually,<br>and Johnny Inge, individually<br>v.<br>Defendant(s): Covenant Health System, a<br>Foreign non-profit corporation doing<br>business in the State of New Mexico as<br>Covenant Family Health Care Center. | Defendant<br>Name: Covenant Health System<br>Address: c/o C.T. Corporation System<br>123 East Marcy, Suite 201,<br>Santa Fe, New Mexico 87501 |

## TO THE ABOVE NAMED DEFENDANT(S): Take notice that

1.   A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.   You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3.   You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.   If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.   You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.   If you need an interpreter, you must ask for one in writing.

7.   You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

Dated at   Santa Fe   , New Mexico, this 21st day of October   , 2016 .

Stephen T. Pacheco
CLERK OF COURT

By: _____
Deputy

Attorney for Plaintiff or
Plaintiff pro se
Name: Eric D. Dixon, Attorney & Counselor
at Law, P.A.
Address: 301 South Avenue A,
Portales, New Mexico 88130
Telephone No.: (575) 359-1233
Fax No.: (575) 356-4946
Email Address:
dixonlawoffice@qwestoffice.net

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN[1]**

STATE OF NEW MEXICO        )
                           )ss
COUNTY OF Rio Arriba       )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to
this lawsuit, and that I served this summons in Rio Arriba county on the 9th day of
December , 2016, by delivering a copy of this summons, with a copy of complaint
attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]    to the defendant _____ (used when defendant accepts a copy of
summons and complaint or refuses to accept the summons and complaint)

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (used
when service is by mail or commercial courier service).

After attempting to serve the summons and complaint on the defendant by personal service or by
mail or commercial courier service, by delivering a copy of this summons, with a copy of
complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at
the usual place of abode of defendant _____, (used when the defendant is not
presently at place of abode) and by mailing by first class mail to the defendant at
_____ (insert defendant's last known mailing address) a copy of the summons
and complaint.

[ ]   to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

X   to *Judy Romero* - *CT Corporation (Customer Specialist Rep.)*, an agent authorized to receive service of process for defendant *Covenant Health System*   *2016 S Coronado Ave*   *Espanola, N.M. 87532*

[ ]   to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]   to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees:   *$102.90*

_Manuel A Macias_
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this ___9___ day of *December 2016*.[2]

_____
Judge, notary or other officer authorized to administer oaths
___Notary___
Official title

OFFICIAL SEAL
Patricia Padilla
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: 8/21/17

## USE NOTE

1.   Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2.   If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013

DISTRICT COURT CLE
1/24/2017 4:32:26
STEPHEN T. PACHE
Raisa Mor

STATE OF NEW MEXICO
COUNTY OF SANTA FE
IN THE FIRST JUDICIAL DISTRICT COURT

ELIZABETH INGE, individually, and
JOHNNY INGE, individually,
                Plaintiff,

vs.

COVENANT MEDICAL GROUP, a
Foreign non-profit corporation doing
Business in the State of New Mexico
As Covenant Family Health Care
Center,

              Defendant              No. D-101-CV-2016-02411

## SECOND AMENDED CIVIL COMPLAINT FOR NEGLIGENCE, NEGLIGENT HIRING, UNFAIR PRACTICES; BREACH OF FIDUCIARY DUTY; AND PUNITIVE DAMAGES

COMES NOW, Plaintiff Elizabeth Inge, and Johnny Inge by and through their

undersigned attorney Eric D. Dixon, Attorney and Counselor at Law, P.A., Portales,

New Mexico, and for their Civil Complaint for Negligence, Negligent Hiring, Unfair

Practices and Punitive damages states:

### I.    COMMON FACTS

1.    Plaintiff Elizabeth Inge is a resident of Clovis, New Mexico and at all times

material to this complaint was a resident of the State of New Mexico.

1

2.     Plaintiff Johnny Inge was a resident of the State of New Mexico at all times material to this complaint.

3.     Defendant Covenant MEDICAL GROUP is a Foreign Non-profit Corporation doing business within the State of New Mexico. Defendant may be served by its Registered Agent for service of process within the State of New Mexico, to wit: C.T Corporation System, 1012 Marquez Pl. Unit 106 B, Santa Fe, New Mexico, 87505-1833 Defendant does business in the State of New Mexico as "Covenant Family Healthcare Center.

4.     At all times material to this complaint David Jones was a Nurse Practitioner licensed to practice in the State of New Mexico and employed by Defendant at its office in Clovis, New Mexico as a Nurse Practitioner. Jones was permitted to prescribe Schedule II through V prescription controlled substances including oxycodone a powerful opiate narcotic.

5.     At all times material to this law-suit David Jones was an employee of Defendant within the scope of his employment.

6.     Defendant claims in advertisements, including on its web site that "We work to nurture a culture of safety and expect to rank at the top of our class in providing exceptional patient experience and successful treatment." In addition,

2

Defendant claims that "[w]e believe that every interaction-whether it involves Covenant staff, our patients or their families-is a sacred encounter."

7.      Defendant hired David Jones to practice as a Nurse Practitioner at its Clovis, New Mexico facility in approximately February, 2014. David Jones was employed by Defendant until February 19th, 2015 when he was arrested by the Drug Enforcement Agency (D.E.A.), for dispensing and distributing oxycodone, a Schedule II prescription controlled substance outside the scope of his professional practice and without legitimate medical purpose. A copy of the Criminal Complaint is attached and incorporated herein as Exhibit 1.

8.      Defendant knew or should have known that David Jones was a long time drug addict who had lost his license to practice and prescribe medications at least once because of his drug addiction. He was known to prey on and take advantage of patients, especially patients with a known history of addiction in order to obtain narcotics for his own use. It was well known amongst health care providers in the area that David Jones had a severe, chronic and acute problem with addiction from drinking cough syrup with codine to use of oxycodone. He was found one time completely unclothed in front of the narcotics dispensary at a local hospital. Defendant knew or should have known that David Jones was unfit to provide health care services to anyone and especially those vulnerable to

3

manipulation or under any circumstances but hired him (despite there being other more qualified applicants).

9.      While an employee of Defendant, David Jones contacted the Plaintiff(s) via a text message and other manner asking that he be allowed to prescribe narcotics to Plaintiff(s) in return for Plaintiff "sharing" the narcotics with Jones.

10.     During the time that David Jones was employed by Defendant he improperly diagnosed Plaintiff Elizabeth Inge with fibromyalgia and then wrote prescriptions in .15, .20 and .30 strength of oxycodone for Plaintiff Elizabeth Inge amounting to approximately 360 oxycodone pills every 8 days and over a thousand pills per month despite the fact that there was no medical reason for Plaintiff Elizabeth Inge to be prescribed such a large amount of narcotics.

11.     There was no medical reason to prescribe Plaintiff Johnny Inge such large amounts of narcotics.

12.     Over a nine month period he prescribed Plaintiff(s) over nine thousand pill:.

13. David Jones while an employee of Defendant engaged in the same improper behavior with other patients by prescribing narcotics despite the fact that there was no medical reason to prescribe such narcotics and then sharing the narcotic: with the patients.

4

13.     As a result of Jones' reckless and grossly negligent prescription writing to Plaintiff(s) they became addicted to the oxycodone.

14.     Plaintiff Elizabeth Inge finally suffered an over dose in approximately January, 2015 and was admitted to Dan Trigg Hospital in Tucumcari, New Mexico. At the same time Plaintiff Elizabeth Inge's child was placed in foster care as a direct and proximate result of the negligence of Defendant.

15.     Defendant improperly billed Plaintiffs health insurance company for the office visits despite the fact that it knew or should have known that these office and treatments were bogus.

16.     Defendant failed to over-see David Jones despite his known drug abuse because he was a high volume producer for Defendant and made Defendant enormous amounts of income which was then paid to executive officers in the Company in the form of bonuses and other compensation. David Jones had previously been employed at Plains Reginal Medical Center in Clovis, New Mexico, but was terminated for stealing narcotics and using them. In addition, his narcotics licensure had either been suspended or terminated for prescription of narcotics shortly before he went to work for Defendant. Finally, David Jones had previously had his license suspended. Placing David Jones is a position of trust recklessly endangered the Plaintiffs and the general public.

5

## II.     COUNT I-NEGLIGENCE

17.     The allegations contained above and below are incorporated herein by reference as if set forth in full herein.

18.     Defendant was under a duty at all times to use ordinary care to avoid and/or prevent what a reasonably prudent person would foresee as an unreasonable risk of harm to another.

19.     Defendant breached its duty owing to Plaintiffs.

20.     Plaintiffs were harmed as a result of Defendant's negligence.

21.     Defendant's actions were in wanton disregard of the rights of Plaintiffs and Plaintiffs should be awarded punitive damages to punish the Defendant and to deter other similarly situated Defendant's from engaging in the same actions in the future.

## III.    COUNT II-NEGLIGENT HIRING, SUPERVISION AND RETAINING OF DAVID JONES

22.     The allegations contained above and below are incorporated herein by reference as if set forth in full herein.

23.     Defendant at all times material to this law-suit was the employer of David Jones.

6

24.     Defendant knew or should have known that hiring, retaining, and

supervising David Jones would create an unreasonable risk of injury to a group or

class that includes the Plaintiffs.

25.     Defendant failed to use ordinary care in the hiring, retaining, supervising

David Jones.

26.     Defendant's negligence in hiring, retaining, and/or supervising David Jones

was a cause of Plaintiff's injuries.

## IV.     COUNT III-UNFAIR PRACTICES

COMES NOW, Plaintiff and for Count III, states pursuant to the New Mexico Unfai-

Trade Practices Act § 57-12-1 NMSA 1978:

27.     The allegations contained above and below are incorporated herein by

reference as if set forth in full herein.

28.     Defendant engaged in unfair, deceptive and unconscionable trade practice;

in the conduct of its business during the times Plaintiffs were patients.

29.     The Defendant made oral and written statements that were false and/or

misleading, among other misleading representations set forth above.

30.     These misrepresentations were made regarding goods and services in the

regular course of Defendant's trade and commerce.

7

31.    These misrepresentations tended to, and/or did deceive or mislead Plaintiffs.

32.    Defendant engaged in unconscionable trade practices by engaging in act(s) and/or practice(s) in connection with its offering services at its facilities by its employee David Jones (a licensed professional) which:

> i. Took advantage of the lack of knowledge, ability, experience and capacity of the Plaintiffs to a grossly unfair degree .

33.    Plaintiffs are entitled to punitive damages under the Unfair Practices Act.

34.    Plaintiffs are entitled to Attorney's Fees and costs under the Unfair Practices Act.

## V.    **COUNT IV-BREACH OF FIDUCIARY DUTIES**

35.    The allegations contained above and below are incorporated herein.

36.    The Defendant entered into a fiduciary relationship of trust and was bound to act in good faith and with due regard for the interest of the Plaintiffs as an agent, and health care provider.

37.    Defendant had a duty of loyalty, good faith, candor, to refrain from self-dealing; to act with integrity of the strictest kind, to act honestly and fairly in its dealings with Plaintiffs.

38.    Defendant breached its fiduciary duties to Plaintiffs.

8

39.    Plaintiffs have been damaged by Defendant's breach of fiduciary duties to each of them.

40.    Plaintiffs should be awarded punitive damages against Defendant for his willful, wanton, reckless and intentional actions in breaching his fiduciary duties owing Plaintiff.

## VI.    **REQUESTED RELIEF**

41. Plaintiffs asks for the following relief, to wit:

   A.  Actual damages incurred including pain and suffering; lost income and earnings capacity; medical expenses incurred in the past and present; loss of enjoyment of life;

   B.  Attorney's fees as allowed by law;

   C.  Costs incurred herein;

   D.  Pre-judgment and post-judgment interest as allowed by law;

   E.  Punitive damages as allowed by law;

   F.  Such other and further relief as the Court may deem appropriate.

9

Respectfully Submitted:

/s/ Eric D. Dixon

Eric D. Dixon
Attorney and Counselor at Law, P.A.
301 South Avenue A,
Portales, New Mexico, 88130
(575) 359-1233
Facsimile: (575) 356-4946